IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN A. LUNDBERG, JR., et al., )
)
Plaintiffs, )
)
v. ) No. 13 C 1683
)
FABIAN RIVERA-CORDOVEZ, et al., )
)
Defendants. )

MEMORANDUM ORDER

This personal injury action was originally filed in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, following which a timely Notice of Removal ("Notice") brought the case to this District Court and it was assigned at random to this Court's calendar. With the over-$75,000 amount in controversy having been established by the demands made by counsel for plaintiffs John Lundberg, Jr. and Eric Hill in this personal injury action, federal jurisdiction is claimed on diversity of citizenship grounds. This memorandum order is issued sua sponte because of some problematic aspects revealed by the Notice.

To begin with, Notice ¶¶2 and 3 mistakenly speak of the residences of the two plaintiffs and of individual codefendant Fabian Rivera-Cordovez ("Rivera") rather than their respective states of citizenship. Although our Court of Appeals has stated on several occasions that "the district court must dismiss the

suit" when a pleading has made that mistake (see, e.g., <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004)), this Court has always been loath to force the payment of a second $350 filing fee where the likelihood is that the concepts of an individual's residence and his state of citizenship coincide. Accordingly no dismissal will be ordered on that account, although defense counsel must promptly correct the error by filing an amendment to the Notice.

More troublesome is another and really inexplicable error on defense counsel's part. Even though the Complaint names "Swift Transport Co., Inc." as the other codefendant, with Complaint ¶3 identifying Rivera as its agent or employee, the Notice has been filed on behalf of individual defendant Rivera and "Swift Transportation of Arizona, LLC, a Delaware limited liability company." Notice ¶4 identifies <u>that</u> entity as "a subsidiary of Swift Transportation Company." That puzzling handling by defense counsel also needs to be corrected:

> 1. No defendant can on its own change the identity of the party being sued (and the latter must of course be the party that joins in the removal of the action). If plaintiff has mistakenly spoken of "Swift Transport Co., Inc." when the actual corporate name is "Swift Transportation Company," that mistake may of course be referred to in the Notice--but that does not equate to

naming a totally different party, as was done here.

    2. If actually-named codefendant Swift Transport, Inc. is an erroneous misnomer for Swift Transportation Company, the statements in Notice ¶4 are inadequate to confirm the existence of the required diversity of citizenship. That last-named corporation is identified as having been organized in Delaware, but the other component of its corporate citizenship (the location of its principal place of business) is not specified. That information is supplied instead as to Swift Transportation of Arizona, LLC, which is asserted to be a subsidiary corporation.

This Court will not now dispatch this action because of the mishandling of diversity considerations. But if no properly amended Notice is filed (with a courtesy copy delivered to this Court) on or before March 22, 2013, this Court will be constrained to comply with our Court of Appeals' Draconian approach to subject matter jurisdiction by dismissing this action.

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date: March 11, 2013